# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AARON GING, | ) |
| Plaintiff, | ) |
| vs. | )  3:11-cv-00435-RCJ-VPC |
| COUNTRYWIDE HOME LOANS, INC. et al., | )  **ORDER** |
| Defendants. | ) |

This is a standard foreclosure case involving one property. The Complaint, filed in state court, is a MERS-conspiracy-type complaint listing nine causes of action: (1) Debt Collection Violations under Chapter 649; (2) Deceptive Trade Practices under Chapter 598; (3) Unfair Lending Practices under Chapter 598D; (4) Violation of the Covenant of Good Faith and Fair Dealing; (5) Violations of section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. In the Complaint, Plaintiff requests a temporary restraining order and a preliminary injunction. For the reasons given herein, the Court denies injunctive relief and orders Plaintiff to show cause why the action should not be dismissed.

**I.     THE PROPERTY**

Plaintiff Aaron Ging gave lender Countrywide Home Loans, Inc. ("Countrywide") a $150,000 promissory note against property at 2 Castle Way, Carson City, NV 89706 (the "Property"). (*See* Deed of Trust ("DOT") 1–4, May 26, 2006, ECF No. 1-4). Recontrust Co., N.A. was the original trustee on the DOT. (*See id.* 2). Mortgage Electronic Registration

Systems, Inc. ("MERS") is listed as the "nominee" and "beneficiary." (*See id.*).  Recontrust filed a notice of default ("NOD") based on a default of unspecified amount as of June 1, 2010. (*See* NOD, Sept. 3, 2010, *available at* http://www.ccapps.org/cgi-bin/diw200).  The foreclosure was therefore statutorily proper, and Plaintiff does not appear to deny default. *See* Nev. Rev. Stat. § 107.080(2)(c).  Recontrust noticed a trustee's sale for Dec. 29, 2010, (*see* First Notice of Trustee's Sale ("NOS"), Dec. 9, 2010, *available at* http://www.ccapps.org/cgi-bin/diw200), and again for April 20, 2011, (*see* Second NOS, Mar. 30, 2011, *available at* http://www.ccapps.org/cgi-bin/diw200).  The mortgage is no longer eligible for the state Foreclosure Mediation Program ("FMP"). (*See* FMP Certificate, Nov. 9, 2010, *available at* http://www.ccapps.org/cgi-bin/diw200).

## II.    ANALYSIS

The foreclosure was statutorily proper, as the original trustee filed the NOD and NOS. The affirmative claims fail under the respective statutes of limitations, as the case was filed almost five years after the sale, as well as for reasons given in substantively identical cases.

## CONCLUSION

IT IS HEREBY ORDERED that the request for temporary restraining order and preliminary injunction are DENIED.

IT IS FURTHER ORDERED that Plaintiff shall show cause within fourteen (14) days why the case should not be dismissed.

IT IS SO ORDERED.

DATED: This 5th day of July, 2011.

_____
ROBERT C. JONES
United States District Judge

Page 2 of 2